[DO NOT PUBLISH]

\

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 28, 2008
THOMAS K. KAHN
CLERK

No. 08-10404
Non-Argument Calendar

_____

D. C. Docket No. 07-20308-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTOS DOMINGO CASTILLO-ROMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 28, 2008)**

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Santos Domingo Castillo-Roman appeals his sentences of 21 months'

imprisonment imposed after he pleaded guilty to one count of making false

statements in an application for a passport with the intent to secure the issuance of a passport for his own use, 18 U.S.C. § 1542, and one count of making a false representation of United States citizenship by presenting a fraudulently-obtained passport as proof of identity, 18 U.S.C. § 911.[1]

In the presentence investigation report ("PSI"), the probation officer calculated the adjusted offense level to be 10, and Castillo-Roman's criminal history category to be IV based on several prior convictions for conspiracy, a controlled substance offense, and money laundering. This category did not, however, take into consideration Castillo-Roman's prior convictions for armed robbery, murder, and attempted robbery, all of which occurred more than fifteen years before the instant offenses. The PSI also noted that Castillo-Roman was currently imprisoned following a racketeering conviction. The resulting guidelines range was 15 to 21 months' imprisonment.

At sentencing, there were no objections to the PSI. The government recommended a sentence in the middle of the guidelines range in light of Castillo-Roman's criminal history, and Castillo-Roman requested the low end of the guidelines range. After considering the parties's arguments, the advisory guidelines range, and the sentencing factors, the court sentenced Castillo-Roman to

---

[1] Castillo-Roman was also charged with aggravated identity theft. This count was dismissed pursuant to the plea agreement.

21 months' imprisonment, to run consecutively to the term Castillo-Roman was already serving on racketeering charges.

On appeal, Castillo-Roman argues that his sentence was procedurally unreasonable because the district court improperly focused on Castillo-Roman's criminal history, while ignoring the sentencing factors listed in 18 U.S.C. § 3553(a) factors, and failed to give an explanation for the sentence, which was higher than that requested by the government and Castillo-Roman. Castillo-Roman also argues that the 21-month sentence was substantively unreasonable because it was "greater than necessary" to comply with the purposes of sentencing set forth in § 3553(a)(2).

We review a final sentence imposed by a district court for reasonableness. United States v. Agbai, 497 F.3d 1226, 1229 (11th Cir. 2007). The reasonableness of a final sentence is reviewed only for an abuse of discretion. United States v. Williams, 526 F.3d1 312, 1321 (11th Cir. 2008); see also Gall v. United States, 552 U.S. ----, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). The district court must impose a sentence that is both procedurally and substantively reasonable. United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006).

The Supreme Court has explained that a sentence may be procedurally unreasonable if the district court improperly calculates the guideline range, treats

the guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. Gall, 128 S.Ct. at 597. The Court also suggested that review for substantive reasonableness involves an inquiry into whether the factors in 18 U.S.C. § 3553(a) support the challenged sentence. See id. at 600; United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). We will remand if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (citations omitted).

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future criminal conduct by the defendant, and provide the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature of the circumstances of the offense and the history and characteristics of the defendant,

4

the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1), (3)-(7).

"[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). The district court is not required to explicitly state that it has considered each of the § 3553(a) factors. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. See Talley, 431 F.3d at 788.

After a thorough review of the record, we find no reversible error. The district court properly considered the factors set forth in 18 U.S.C. § 3553(a), along with the mitigating factors presented by Castillo-Roman, adequately explained the chosen sentence, and imposed a sentence no greater than necessary to comply with the purposes of sentencing in § 3553(a)(2). Thus, we conclude the court did not abuse its discretion in sentencing Castillo-Roman. Accordingly, the sentence is reasonable and due to be affirmed.

**AFFIRMED.**

5